DELANCY vs. GRYMES & AL.

DELANCY
vs.
GRYMES&Al

APPEAL from the court of probates of the parish and city of New-Orleans.

No appeal lies from a judgment on a rule to pay money into court.

MARTIN, J. delivered the opinion of the court. Delancy, beneficiary heir of Thomas Beale, jr. obtained a rule against Grymes & Canonge, on exhibiting their bond on file in this court, to pay into court $3,500 by them received, as acknowledged thereon, or shew cause to the contrary.

They shewed for cause, that the money was bonded and taken out of court, by Grymes, as attorney and counsel of Celeste Granpre, widow Beale, in her own right, and as tutrix of her minor children, and in that capacity alone: that neither he or she ought to be compelled to pay it, because he alleges she was and is in her own right, and as tutrix of her said children, a creditor of the estate to a large amount, as will appear by the bills of sale and mortgages on file, which are referred to and made part of the answer. That the sale of the property mentioned in these bills of sale having been cancelled, the property has been awarded to her in her said capacity, and has been

DELANCY
*vs.*
GRYMES & al

sold by Cox, late curator of the estate of Thomas Beale, jr. and by virtue of an order of court as belonging to the estate, and the money bonded was a part of the proceeds of the property sold by T. Beale, sen. to Thos. Beale, jr. and since awarded to the said widow, and is her own money.

Further, that the property so sold by T. Beale, jr. the sale of which has been cancelled, amounted to upwards of $100,000; that it was sold by the curator of his estate, and the widow is entitled to the whole amount by privileges, and has a right to retain any money of the estate now in her hands.

The respondent further denied that the money he bonded is part of the estate of T. Beale, jr. and that the person who obtained the rule has any right to expect payment thereof.

After filing the answer, Grymes made an affidavit, stating the absence of material witnesses, in the state of Missouri, and in France; without whose testimony he was unable safely to come to trial, &c.

The case was argued on the respondent's motion for a continuance, but the counsel for the rule argued on the merits, and the court took time to consider it.

The rule was afterwards made absolute, and the respondent appealed.

Eastern Dist.
*Feb'ry* 1829.

DELANCY
*vs.*
GRYMES&A1

This case is not to be distinguished from that of *Kenner* vs. *Young,* determined last June, *ante* 53, in which we agreed with the district judge, who had refused an appeal to a party against whom he had made a rule absolute, by which the latter had been required to deposit, into court, the price he had agreed to pay for certain slaves, or shew cause to the contrary. The appeal was refused, on the ground that there was no final judgment, the rule being a provisional one only, to bring the money subject to further order.

If, in the present case, as is urged by the appellant, he or any one whom he represents, has a right to the money, he will have an opportunity of enforcing it, and from the judgment directing the payment of it to any body else, he may seek relief here, if he see fit.

It is therefore ordered, adjudged, and decreed, that the appeal be dismissed with costs.

*McCaleb* for the plaintiff—*Grymes & Canonge* for the defendants.